**XIU QING LI, Petitioner,**

v.

**Alberto GONZALES, Attorney General,[1] Respondent.**

No. 03–4145–ag.

United States Court of Appeals, Second Circuit.

Sept. 22, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Fenling Liu, (Hanbin Wang, of counsel), New York, NY, for Petitioner.

Brenda M. Green, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, of counsel; Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER and Hon. DENNIS JACOBS, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Qing Li ("Li"), a native and citizen of the People's Republic of China, seeks review of a December 30, 2002 order of the BIA summarily affirming the December 2, 1999 decision of Immigration Judge ("IJ") Victoria Ghartey denying petitioner's application for asylum and withholding of removal. *In re Li, Xiuqing,* No. A 77 007 866 (BIA Dec. 30, 2002), *aff'g* No. A 77 007 866 (Immig. Ct. N.Y. City Dec. 2, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where (as here) the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Li, through counsel, frames the issues as whether substantial evidence supports the IJ's (i) adverse credibility finding and (ii) finding of insufficient evidentiary corroboration. We conclude that substantial evidence supports both and, in consequence, we deny the petition.

"When a factual challenge pertains to a credibility finding ... we afford 'particular deference' in applying the substantial evidence standard, mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Zhang,* 386 F.3d at 73 (*quoting Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)) (internal citations omitted).

Substantial evidence supports the IJ's adverse credibility finding, including: (i) inconsistencies in Li's testimony regarding whether she was instructed to submit to an intrauterine device ("IUD") insertion; (ii) the perfunctory nature of Li's testimony regarding forced sterilization; (iii) Li's submission of documents that the IJ found inauthentic; (iv) Li's testimony of how her husband was able to procure various documents from government offices while purportedly hiding from the government; and

**80**

(v) specific observations of Li's demeanor, interpreted by the IJ to indicate mendacity.

Substantial evidence also supports the IJ's finding that (because Li failed to provide detailed, specific and consistent testimony to support her claim) Li was required, but failed, to adduce corroborative evidence. Where "it is reasonable to expect corroborating evidence ... such evidence should be provided or an explanation should be given as to why such information was not presented." *Diallo v. INS,* 232 F.3d 279, 285 (2d Cir.2000) (internal quotation marks omitted). The IJ specified corroborative evidence that would admittedly be available to Li: (i) affidavits from Li's husband, brother or others to support her claim of forced sterilization; (ii) a receipt for the 1,000 RMB fine; and (iii) documentation of her sterilization purportedly issued by the Chinese authorities.

Li's withholding of removal claim necessarily fails because she has not met the standards for asylum. *See Zhang,* 386 F.3d at 71. Further, the IJ's denial of asylum and withholding of removal "is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (*quoting Diallo,* 232 F.3d at 287).

For the reasons set forth above, the petition is hereby **DENIED.** Having completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.